# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEITH MARSHALL** | **CIVIL ACTION** |
| **versus** | **NO. 09-7231** |
| **WARDEN, AVOYELLES CORRECTIONAL CENTER** | **SECTION: "F" (3)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Keith Marshall, is a state prisoner incarcerated at the Avoyelles Correctional Center, Cottonport, Louisiana. On January 7, 2004, he was convicted of possession of crack cocaine in violation of Louisiana law.[1] On February 9, 2004, he was found to be a multiple

---

[1] State Rec., Vol. II of VI, transcript of January 7, 2004, p. 41; State Rec., Vol. I of VI, minute entry dated January 7, 2004.

offender and was sentenced as such to a term of twenty-five years imprisonment.[2] On November 17, 2004, the Louisiana Fourth Circuit Court of Appeal reversed petitioner's conviction.[3] However, on November 29, 2006, the Louisiana Supreme Court reversed that judgment and reinstated the conviction and sentence.[4] Petitioner then filed with the United States Supreme Court a petition for a writ of certiorari which was denied on October 1, 2007.[5]

On or after February 19, 2008, petitioner filed with the state district court an application for post-conviction relief.[6] When the court failed to act on that application, he filed an application for a writ of mandamus with the Louisiana Fourth Circuit Court of Appeal.[7] On August 13, 2008, the Court of Appeal denied relief, holding: "This court has reviewed the claims raised by relator in his application for post-conviction relief and finds that he is not entitled to relief. Therefore, his request for a writ of mandamus is denied."[8] The Louisiana Supreme Court then denied petitioner's related writ application on August 12, 2009, without assigning reasons.[9]

---

[2] State Rec., Vol. III of VI, transcript of February 9, 2004, pp. 16-18; State Rec., Vol. I of VI, minute entry dated February 9, 2004.

[3] State v. Marshall, No. 04-KA-1143 (La. App. 4th Cir. Nov. 17, 2004) (unpublished); State Rec., Vol. II of VI.

[4] State v. Marshall, 943 So.2d 362 (La. 2006) (No. 04-K-3139); State Rec., Vol. II of VI.

[5] Marshall v. Louisiana, 552 U.S. 905 (2007); State Rec., Vol. II of VI.

[6] State Rec., Vol. VI of VI.

[7] State Rec., Vol. VI of VI.

[8] State v. Marshall, No. 2008-K-0982 (La. App. 4th Cir. Aug. 13, 2008) (unpublished); State Rec., Vol. II of VI.

[9] State ex rel. Marshall v. State, 17 So.3d 373 (La. 2009) (No. 2008-KH-2486); State Rec., Vol. VI of VI.

On October 29, 2009, petitioner filed the instant federal application for *habeas corpus* relief. In his application, he asserts three claims:

1. The prosecutor knowingly used perjured testimony to obtain the conviction;

2. Petitioner received ineffective assistance of counsel; and

3. Petitioner's enhanced sentence is invalid.

The state contends that petitioner's federal application is untimely. The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final." Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[10]

At the very latest, petitioner's conviction became final on October 1, 2007, when the United States Supreme Court denied his application for a writ of certiorari. Nelson v. Quarterman, 215 Fed. App'x 396, 397 (5th Cir. 2007); Nelson v. Quarterman, 472 F.3d 287, 291 (5th Cir. 2006).[11] Accordingly, pursuant to 28 U.S.C. § 2244(d)(1)(A), the period that petitioner had to file

---

[10] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, the alternative provisions are not applicable in the instant case.

[11] The state contends that petitioner's conviction became final much earlier because his application for a writ of certiorari was not timely filed with the United States Supreme Court within ninety days of the Louisiana Supreme Court's decision. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); see also U.S. Sup. Ct. R. 13(1). In support of that contention, the state points to a letter from the Clerk of the United States Supreme Court stating that petitioner's application was

his application for federal *habeas corpus* relief commenced on that date and expired one year later, unless that deadline was extended through tolling.

The Court first considers statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2).

In the instant case, after one hundred forty (140) days elapsed, petitioner tolled the federal limitations period on February 19, 2008, by filing a post-conviction application with the state district court.[12] The state contends that tolling then ceased on September 12, 2008, when petitioner failed to file a timely writ application with the Louisiana Supreme Court after the Court of Appeal denied relief on August 13, 2008. Again, the state is correct.

The applicable Louisiana Supreme Court rule provides:

---

filed on June 14, 2007. State Rec., Vol. II of VI, Letter from the Clerk of the United States Supreme Court to the Clerk of the Louisiana Supreme Court Supreme Court dated July 11, 2007. However, while that letter would seem to support the state's contention, it is not dispositive. Regardless of when the court actually received petitioner's application, it was "filed" as of the moment he delivered it to the prison authorities for mailing. See Houston v. Lack, 487 U.S. 266 (1988); Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). There is no currently evidence before this Court concerning when that occurred. In the absence of such evidence, and in light of the fact that petitioner's federal application is untimely regardless, the Court need not resolve that factual issue and, for the purposes of this decision, will assume that petitioner's conviction became final on October 1, 2007.

[12] State Rec., Vol. VI of VI. The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). Petitioner signed his application on February 19, 2008, and, therefore, that is the earliest day it could be considered filed.

> An application seeking to review a judgment of the court of appeal ... after a denial of an application, shall be made *within thirty days of the mailing of the notice* of the original judgment of the court of appeal .... *No extension of time therefor will be granted*.

Louisiana Supreme Court Rule X, § 5(a) (emphasis added). The Court of Appeal denied relief on August 13, 2008,[13] and notice of that judgment was mailed to plaintiff on that same date.[14] Accordingly, petitioner had only until September 12, 2008, to file his Louisiana Supreme Court writ application. Because petitioner did not even sign his writ application until September 16, 2008, it is evident that he could not have given the application to prison officials for mailing prior to that date. Therefore, even utilizing the state mailbox rule, the application was untimely. It is clear that a federal *habeas* petitioner receives no tolling credit for an untimely Louisiana Supreme Court writ application. Williams v. Cain, 217 F.3d 303 (5th Cir. 2000); see also Boudreaux v. Cain, Civ. Action No. 07-1041, 2009 WL 4730706, at *4 (E.D. La. Dec. 9, 2009); Jenkins v. Cooper, Civ. Action No. 07-0216, 2009 WL 1870874, at *5 (E.D. La. June 26, 2009); Orgeron v. Cain, Civ. Action No. 06-1451, 2006 WL 2789087, at *5 (E.D. La. Sept. 8, 2006). Therefore, tolling ceased on September 12, 2008. Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-71 (5th Cir. 2004) (tolling continues uninterrupted for the duration of the post-conviction process, so long as petitioner sought review in a timely manner; however, a state application ceases to be pending, and tolling therefore ends, when the time for appellate review expires). Moreover, because petitioner filed no other state applications, he is not entitled to further statutory tolling.

---

[13] State v. Marshall, No. 2008-K-0982 (La. App. 4th Cir. Aug. 13, 2008) (unpublished); State Rec., Vol. II of VI.

[14] State Rec., Vol. VI of VI, Notice of Judgment and Certificate of Mailing.

The Court next considers equitable tolling. The United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, also be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted). Petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). Petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations in this case.

In light of the foregoing, when statutory tolling ended on September 12, 2008, petitioner had only two hundred twenty-five (225) days of the one-year limitations period remaining, meaning that his federal application had to be filed no later than April 27, 2009.[15] Because his federal application was not filed until October 29, 2009,[16] it is untimely.

---

[15] Because the two hundred twenty-fifth day fell on Saturday, April 25, 2009, the limitations period was extended through the following Monday. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, a legal holiday, or a day when the clerk's office is inaccessible, the period runs until the end of the next day that is not one of those days).

[16] "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner signed his federal application on October 29, 2009, which is the earliest date he could have presented it to prison officials for mailing.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Keith Marshall be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[17]

New Orleans, Louisiana, this eleventh day of June, 2010.

_Daniel E. Knowles, III_
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[17] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.